**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| AISHA LINDSEY and CHRISTIAN TAYLOR, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 4:21-CV-1018 |
| CITY OF BRECKENRIDGE HILLS MISSOURI, THOMAS KINWORTHY, *in his individual capacity*, and PAUL RINCK, *in his individual capacity*, | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**PLAINTIFFS' COMPLAINT**

COMES NOW Plaintiffs Aisha Lindsey (hereinafter "Plaintiff Lindsey") and Christian Taylor (hereinafter "Plaintiff Taylor") (collectively the "Plaintiffs"), by and through their attorney, and for their Complaint against Defendant City of Breckenridge Hills, Missouri (hereinafter "Defendant Breckenridge Hills"), Defendant Thomas Kinworthy (hereinafter "Defendant Kinworthy") and Defendant Paul Rinck (hereinafter "Defendant Rinck") and respectfully states to this Honorable Court the following:

1.  This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of civil rights against the Defendants.

2.  Plaintiffs sue Defendant Kinworthy in his individual capacity.

3.  Plaintiffs sue Defendant Rinck in his individual capacity.

4.  Plaintiffs bring this suit for the injuries sustained as a result of the Constitutional violations as alleged herein.

5. Defendant City of Breckenridge Hills is a political subdivision of the State of Missouri and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

6. Defendant Kinworthy, at all times relevant herein, was a Breckenridge Hills police officer working under the direction and control of Defendant Breckenridge Hills.

7. Defendant Rinck, at all times relevant herein, was a Breckenridge Hills police officer working under the direction and control of Defendant Breckenridge Hills.

## JURISDICTION

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1341(3).

## VENUE

9. Venue is proper under 28 U.S.C. § 1391(b)(2) as the incident subject to this case occurred in the City of Breckenridge Hills in this Eastern District of Missouri.

## COLOR OF STATE LAW

10. At all relevant times, Defendant Kinworthy acted under color of state law.

11. Particularly, Defendant Kinworthy acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

12. At all relevant times, Defendant Rinck acted under color of state law.

13. Particularly, Defendant Rinck acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## FACTUAL BACKGROUND

### At Rock Road Auto Plaza

14. On March 16, 2019, Plaintiffs traveled to Rock Road Auto Plaza[1] at 9440 Saint Charles Rock Road located in Defendant Breckenridge Hills, MO.

15. Approximately 2 weeks prior to March 16, 2019, Plaintiff Lindsey purchased a 2016 Grey Chevy Cruise LT (hereinafter the "Chevy Cruise") from Rock Road Auto Plaza.

16. As the Chevy Cruise was still under warranty, Plaintiff Lindsey took the Chevy Cruise back to Rock Road Auto Plaza for inspection/repair as the "check engine" light was coming on.

17. In the event Plaintiff Lindsey had to leave her Chevy Cruise at Rock Road Auto Plaza for repairs, Plaintiff Taylor drove separately to Rock Road Auto Plaza at the same time as Plaintiff Lindsey.

18. Plaintiff Lindsey and Plaintiff Taylor entered the Rock Road Auto Plaza and walked towards the service desk.

19. As Plaintiff Lindsey and Plaintiff Taylor were approaching the service desk, they observed a female customer ("Jane Doe") having a confrontation with the Rock Road Auto Plaza staff.

20. Plaintiff Lindsey and Plaintiff Taylor observed the Rock Road Auto Plaza staff tell Ms. Doe that the bank did not approve her loan and that Rock Road Auto Plaza was keeping Ms. Doe's vehicle.

21. Plaintiff Lindsey and Plaintiff Taylor then observed Ms. Doe become angry, threaten the Rock Road Auto Plaza staff, cursing the Rock Road Auto Plaza staff and through coffee at one of the Rock Road Auto Plaza staff.

---

[1] Since the date of the occurrence subject to this case, Rock Road Auto Plaza was taken over by Clement Auto Plaza.

22. Plaintiff Lindsey and Plaintiff Taylor then observed the following: Rock Road Auto Plaza staff tell Ms. Doe that they were going to call the police if she did not leave and did in fact call the police; Ms. Doe was physically taken out of the building by Rock Road Auto Plaza staff.

23. Plaintiff Lindsey and Plaintiff Taylor then approached the desk and Plaintiff Taylor told the Rock Road Auto Plaza staff that Plaintiff Lindsey's vehicle's check engine light Coming on and she just bought the car from them a couple weeks ago.

24. The Rock Road Auto Plaza staff told Plaintiff Taylor that he was not a mechanic but they could hook her car up to a machine.

25. The Rock Road Auto Plaza staff member then asked Plaintiff Taylor whose car it was that needed service and Plaintiff Taylor told the staff member that it was Plaintiff Lindsey's.

26. Giving no explanation, the Rock Road Auto Plaza staff member told Plaintiff Taylor that he had to wait outside.

27. Plaintiff Taylor asked the staff member why he had to wait outside and the staff member began to get confrontational; in response Plaintiff Taylor went outside the building to avoid any confrontation.

28. Plaintiff Lindsey then asked the Rock Road Auto Plaza staff member to look at her car because of the check engine light.

29. The Rock Road Auto Plaza staff member again repeated he was not a mechanic and also stated that they wouldn't look at her car until Plaintiff Taylor left their lot.

30. Plaintiff Lindsey then heard a Rock Road Auto Plaza staff member calling the police again alleging that Plaintiff Taylor was being loud and confrontational; at the time the Rock Road Auto Plaza staff member called the police on Plaintiff Taylor, Plaintiff Taylor was outside the building on the lot smoking a cigarette.

31. After Plaintiff Lindsey heard Rock Road Auto Plaza staff member called the police on Plaintiff Taylor, Plaintiff Lindsey left the building and went on the lot to be with Plaintiff Taylor and wait for the police to arrive.

32. Plaintiff Lindsey had intended on filing a complaint with the police for the Rock Road Auto Plaza sale and lack of service of her vehicle.

### Defendant Kinworthy and Defendant Rinck Arrive at Rock Road Auto Plaza

33. After a few minutes had passed, Defendant Kinworthy arrived at the Rock Road Auto Plaza lot.

34. Defendant Kinworthy parked his vehicle and exited it; Defendant Kinworthy then hand motioned to Plaintiff Taylor for him to come to Defendant Kinworthy.

35. Plaintiff Taylor complied and walked from the Rock Road Auto Plaza front entrance to Defendant Kinworthy, where he was standing by his patrol car.

36. Defendant Kinworthy asked Plaintiff Taylor, "What's going on? What seems to be the problem?"

37. Plaintiff Taylor stated that there wasn't a problem that Plaintiff Taylor and Plaintiff Lindsey brought Plaintiff Lindsey's vehicle in for service as the check engine light kept coming on.

38. Defendant Kinworthy asked Plaintiff Taylor to put his cigarette out.

39. Plaintiff Taylor didn't understand why Defendant Kinworthy was asking him to do this act and Plaintiff Taylor asked Defendant Kinworthy why he had to put his cigarette out.

### Plaintiff Taylor

40. After Plaintiff Taylor asked this question, Defendant Kinworthy didn't say anything at all and grabbed Plaintiff Taylor's left wrist.

5

41. After Defendant Kinworthy grabbed Plaintiff Taylor's left wrist, Plaintiff Taylor did not try to pull his left arm away from Defendant Kinworthy, did not flee or attempt to flee and did not resist Defendant Kinworthy in any way.

42. At the same time Defendant Kinworthy grabbed Plaintiff Taylor's left wrist, Defendant Rinck arrived on the Rock Road Auto Plaza lot, parked his patrol car, exited his vehicle and immediately pepper sprayed Plaintiff Taylor in the face, striking both of Plaintiff Taylor's eyes

43. Before pepper spraying, during the pepper spray and after the pepper spraying of Plaintiff Taylor, Defendant Rinck didn't ask any questions or say anything at all.

44. Defendant Kinworthy, while still holding Plaintiff Taylor's left wrist, took a position behind Plaintiff Taylor's left side; at this time Defendant Rinck took a position behind Plaintiff Taylor's right side and grabbed Plaintiff Taylor's right arm.

45. Defendant Kinworthy and Defendant Rinck pushed Plaintiff Taylor against the front of Plaintiff Taylor's own vehicle, while telling Plaintiff Taylor to get on the ground.

46. As he was pushed up against his own vehicle, Plaintiff Taylor put both of his hands, completely open on the hood of his vehicle.

47. Plaintiff Taylor fell to his knees and then went to the ground on his stomach; while this was occurring Defendant Kinworthy and Defendant Rinck maintained their hold of Plaintiff Taylor and were on top of Plaintiff Taylor when he was lying on the ground face down.

48. The short amount of time Plaintiff Taylor was on his knees, Plaintiff Taylor kept both his hands up in the air completely open in what is called the "surrender position".

49. As Plaintiff Taylor was going to the ground, Defendant Rinck kneed Plaintiff Taylor in the back.

6

50. As Plaintiff Taylor was on the ground on his stomach both of his arms were extended upward with his palms down on the ground.

51. Immediately after Plaintiff Taylor was on the ground on his stomach, Defendant Kinworthy punched Plaintiff Taylor in his side twice and then yelled, "put your hands behind your back" 3 times consecutively; Plaintiff Taylor responded, "I'm trying man I'm trying."

52. Plaintiff Taylor was able to voluntarily put both of his arms behind his back and he was promptly handcuffed; Plaintiff Taylor provided no resistance to being handcuffed.

53. After Plaintiff Taylor was handcuffed, Defendant Kinworthy told Plaintiff Taylor to rollover; at this time Plaintiff Taylor told the officers he needed medical and EMS as he has asthma.

54. Defendant Kinworthy responded to Plaintiff Taylor's medical request by saying, "you were smoking you are all right."

55. Plaintiff Taylor rolled over to his back as instructed and sat up as also instructed.

56. Also in response to Plaintiff Taylor's medical request Defendant Kinworthy stated, "Now he's the victim after being placed under arrest; how typical."

57. As Plaintiff Taylor was seated on the ground with his arms handcuffed behind him, Defendant Rinck assisted Plaintiff Taylor in standing up by grabbing his arm.

58. Neither Defendant Kinworthy or Defendant Rinck contacted EMS for the paramedics in response to Plaintiff Taylor's multiple medical requests.

59. Plaintiff Taylor went to the hospital for medical treatment after this incident with Defendant Kinworthy and Defendant Rinck; suffering injury to his back, side and eyes.

**Plaintiff Lindsey**

60. Concerned with how Defendant Kinworthy and Defendant Rinck were treating Plaintiff Taylor, Plaintiff Lindsey began recording with her cell phone the interaction between Defendant Kinworthy and Defendant Rinck and Plaintiff Taylor.

61. Plaintiff Lindsey while recording the incident, stayed a distance away from Defendant Kinworthy and Defendant Rinck and Plaintiff Taylor.

62. While Defendant Kinworthy and Defendant Rinck were handcuffing Plaintiff Taylor, Defendant Kinworthy spoke to Plaintiff Lindsey telling her, "... Now get back."

63. By observing the video recording you can see that Plaintiff Lindsey backed away further from Defendant Kinworthy and Defendant Rinck and Plaintiff Taylor.

64. When Defendant Kinworthy told Plaintiff Lindsey to get back he could see that Plaintiff Lindsey was recording his actions.

65. After Plaintiff Taylor stood up with the assistance of Defendant Rinck, Defendant Kinworthy could see Plaintiff Lindsey video recording and Defendant Kinworthy threw Plaintiff Lindsey against a parked car saying, "Get away from him, back the fuck up."

66. Plaintiff Lindsey responded, "I didn't do anything, I'm 7 months pregnant."

67. After throwing Plaintiff Lindsey against a parked car, Defendant Kinworthy handcuffed Plaintiff Lindsey.

68. Plaintiff Lindsey went to the hospital for medical treatment after this incident with Defendant Kinworthy; suffering injury to her back.

## COUNT I

### VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE
### 42 U.S.C. § 1983 AND FOURTH AMENDMENT
### AGAINST DEFENDANT THOMAS KINWORTHY AND DEFENDANT PAUL RINCK
### FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
### AND ATTORNEY'S FEES

69. Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

70. Defendant Kinworthy used excessive and unreasonable force when he punched Plaintiff Taylor while Plaintiff Taylor down on the ground on his stomach and when he threw Plaintiff Lindsey against a parked car for video recording the incident.

71. Defendant Rinck used excessive and unreasonable force when he pepper sprayed Plaintiff Taylor in face and kneed Plaintiff Taylor in the back.

72. The right to be free from excessive force is clearly established[2].

73. At the time of the use of excessive force by Defendant Kinworthy on Plaintiff Lindsey, Plaintiff Lindsey:

    a. Had not committed a serious crime;

    b. Presented no threat to the safety of the officers or others;

    c. Was not actively resisting arrest; and

    d. Was not attempting to evade arrest by flight.

74. At the time of the use of excessive force by Defendant Kinworthy on Plaintiff Taylor, Plaintiff Taylor:

    a. Had not committed a serious crime;

    b. Presented no threat to the safety of the officers or others;

    c. Was not actively resisting arrest; and

---

[2] <u>Guite v. Write</u>, 147 F.3d 747, 750 (8th Cir. 1998).

        d.      Was not attempting to evade arrest by flight.

75.    Defendant Kinworthy used greater force than was necessary in light of the facts and circumstances confronting him.

76.    Defendant Rinck used greater force than was necessary in light of the facts and circumstances confronting him.

77.    Defendant Kinworthy acted in a manner, which was objectively unreasonable.

78.    Defendant Rinck acted in a manner, which was objectively unreasonable.

79.    A reasonable officer, without the benefit of 20/20 hindsight, would not have used such force under similar circumstances.

80.    This case is not in a "hazy border", but is unequivocal.

81.    The actions of Defendant Kinworthy violated Plaintiffs' civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, their right to be:

        a.      Safe from the unreasonable use of force; and

        b.      Safe from the use of excessive force.

82.    The actions of Defendant Rinck violated Plaintiff Taylor's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, their right to be:

        a.      Safe from the unreasonable use of force; and

        b.      Safe from the use of excessive force.

### Compensatory Damages

83.    Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Kinworthy.

84.    Under 42 U.S.C. § 1983, Plaintiff Taylor is entitled to an award of compensatory damages against Defendant Rinck.

### Punitive Damages

85. Defendant Kinworthy's actions were reckless.

86. Defendant Kinworthy's showed callous indifference toward the rights of Plaintiffs.

87. Defendant Kinworthy's actions were taken in the face of a perceived risk that the actions would violate federal law.

88. Defendant Rinck's actions were reckless.

89. Defendant Rinck's showed callous indifference toward the rights of Plaintiff Taylor.

90. Defendant Rinck's actions were taken in the face of a perceived risk that the actions would violate federal law.

91. Plaintiffs are entitled to an award of punitive damages against Defendant Kinworthy in order to punish him and to deter others.

92. Plaintiff Taylor is entitled to an award of punitive damages against Defendant Rinck in order to punish him and to deter others.

### Attorney's Fees

93. Under 42 U.S.C. § 1988, if Plaintiff Lindsey or Plaintiff Taylor are the prevailing party in this litigation, then she or he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

94. The Defendants are each jointly and severally liable for all damages and attorney's fees assessed against them in this action[3].

---

[3] Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256 (1979); Skrtich v. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002); Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000); Simpson v. Hines, 903 F.2d 400, 403 (5th Cir. 1990); Rutherford v. City of Berkeley, 780 F.2d 1444, 1448 (9th Cir. 1986); Carhart v. Stenberg, 192 F.3d 1142, 1152 (8th Cir. 1999) (*fees specific*).

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Kinworthy and Defendant Rinck in their individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiffs pray for such other relief as may be just under the circumstances and consistent.

## COUNT II

### VIOLATION OF CIVIL RIGHTS – FALSE ARREST
### 42 U.S.C. § 1983 AND FOURTH AMENDMENT
### PLAINTIFF AISHA LINDSEY AGAINST DEFENDANT THOMAS KINWORTHY
### FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
### AND ATTORNEY'S FEES

95. Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

96. The right to be free of arrest without probable cause is a constitutional right and is clearly established[4].

97. In the totality of the circumstances Defendant Kinworthy had no reasonably trustworthy information sufficient to warrant a prudent man to believe that Plaintiff Lindsey had committed or was committing an offense[5].

98. Defendant Kinworthy lacked probable cause to arrest Plaintiff Lindsey.

99. Defendant Kinworthy lacked arguable probable cause to arrest Plaintiff Lindsey[6].

100. Due to the lack of probable cause and/or arguable probable cause, Defendant Kinworthy had no lawful authority to arrest Plaintiff Lindsey.

---

[4] Warren v. City of Lincoln, Neb., 864 F.2d 1436, 1440 (8th Cir. 1989).
[5] Id.; *and see* Michigan v. DeFillipo, 443 U.S. 31 (1970).
[6] Baribeau v. City of Minneapolis, 596 F.3d 464 (8th Cir. 2010).

101. Defendant Kinworthy's arrest of Plaintiff Lindsey was therefore in violation of Plaintiff Lindsey's rights to be free of unlawful arrest as protected by the Fourth Amendment to the United States Constitution.

102. The actions of Defendant Kinworthy caused Plaintiff Lindsey the following damages: loss of civil rights, humiliation, embarrassment, indignity, disgrace, loss of liberty, stress, mistrust of the police and fear.

### Compensatory Damages

103. Under 42 U.S.C. § 1983, Plaintiff Lindsey is entitled to an award of compensatory damages against Defendant Kinworthy.

### Punitive Damages

104. Defendant Kinworthy's actions against Plaintiff Lindsey were reckless.

105. Defendant Kinworthy's actions against Plaintiff Lindsey showed callous indifference toward the rights of Plaintiff Lindsey.

106. Defendant Kinworthy's actions against Plaintiff Lindsey were taken in the face of a perceived risk that the actions would violate federal law.

107. Plaintiff Lindsey is entitled to an award of punitive damages against Defendant Kinworthy in order to punish him and to deter others.

### Attorney's Fees

108. Under 42 U.S.C. § 1988, if Plaintiff Lindsey is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff Lindsey prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Kinworthy in his individual capacity for compensatory damages in a fair and

reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff Lindsey prays for such other relief as may be just under the circumstances and consistent.

## COUNT III

### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST
### DEFENDANT CITY OF BRECKENRIDGE HILLS, MISSOURI
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

109. Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

110. At all relevant times Defendant Kinworthy was serving as an employee of Defendant City of Breckenridge Hills as a police officer.

111. At all relevant times Defendant Kinworthy was engaging in a government function.

112. At all relevant times Defendant Kinworthy was acting within the course and scope of that employment.

113. At all relevant times Defendant Rinck was serving as an employee of Defendant City of Breckenridge Hills as a police officer.

114. At all relevant times Defendant Rinck was engaging in a government function.

115. At all relevant times Defendant Rinck was acting within the course and scope of that employment.

116. Defendant City of Breckenridge Hills is liable under a theory of *respondeat superior*[7].

117. The actions of Defendant Kinworthy and Defendant Rinck caused Plaintiffs to suffer the damages outlined herein.

---

[7] Plaintiffs make this claim based on the dissent of Justice Breyer in <u>Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown</u>, 520 U.S. 397, 416, 117 S. Ct. 1382, 1394, 137 L. Ed. 2d 626 (1997).

### Compensatory Damages

118. Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Breckenridge Hills.

### Attorney's Fees

119. Under 42 U.S.C. § 1988, if Plaintiff Lindsey or Plaintiff Taylor are the prevailing party in this litigation, then she or he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Breckenridge Hills, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
    James W. Schottel, Jr.   #51285MO
    906 Olive St., PH
    St. Louis, MO 63101
    (314) 421-0350
    (314) 421-4060 facsimile
    jwsj@schotteljustice.com

    Attorney for Plaintiffs
    Aisha Lindsey
    Christian Taylor