UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AISHA LINDSEY ) | |
| ) | |
| and ) | |
| ) | |
| CHRISTIAN TAYLOR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:21 CV 1018 DDN |
| ) | |
| CITY OF BRECKENRIDGE HILLS, ) | |
| MISSOURI, ) | |
| ) | |
| JASON KINSWORTHY, ) | |
| ) | |
| and ) | |
| ) | |
| PAUL RINCK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on (1) the motion of defendant City of Breckenridge Hills, Missouri ("City") to dismiss it as a party, and (2) the motion of plaintiffs Aisha Lindsay and Christian Taylor for taxation of costs of service and attorney's fees pursuant to Fed. R. Civ. P. 4(d)(2). (Docs. 20, 25.)

For the reasons set forth below, defendant City's motion is sustained and plaintiffs' motion is denied.

## BACKGROUND

Plaintiffs allege the following in their complaint. (Doc. 1.) On March 16, 2019, plaintiffs Lindsey and Taylor brought plaintiff Lindsey's vehicle to Rock Road Auto Plaza for inspection and repair. (*Id*. at 3.) Upon arriving, plaintiffs witnessed an altercation

between another customer and Rock Road Auto Plaza staff. (*Id*. at 4.) A staff member asked plaintiff Taylor to wait outside, and plaintiff Lindsey heard a staff member call the police and allege that plaintiff Taylor was being loud and confrontational. (*Id*.)

When defendant Thomas Kinsworthy, then a Breckenridge Hills police officer, arrived at the scene, he motioned for plaintiff Taylor to walk toward him, and he asked plaintiff Taylor to put out his cigarette. (*Id*. at 5.) After plaintiff Taylor asked why he had to extinguish his cigarette, defendant Kinsworthy grabbed plaintiff's left wrist. (*Id*.) At the same time, defendant Paul Rinck, also then a Breckenridge Hills police officer, arrived at the scene. (*Id*. at 6.) Defendant Rinck exited his vehicle and immediately deployed pepper spray, affecting both of plaintiff Taylor's eyes. (*Id*.) Defendants Kinsworthy and Rinck then pushed plaintiff Taylor against the front of his vehicle, telling him to get on the ground. (*Id*.) While defendants Kinsworthy and Rinck maintained control of plaintiff Taylor, he fell to his knees with his hands open and in the air. (*Id*.) He then fell to the ground on his stomach, and defendant Rinck kneed plaintiff Taylor in the back as he fell. (*Id*.) Defendant Kinsworthy punched plaintiff Taylor in his side twice, yelling at him to put his hands behind his back; when plaintiff Taylor complied, defendant Kinsworthy handcuffed him. (*Id*. at 7.) After sitting up as instructed, plaintiff Taylor requested medical assistance, as he has asthma. (*Id*.) Neither defendant Kinsworthy nor defendant Rinck contacted EMS. (*Id*.) Plaintiff Taylor sustained injuries to his back, side, and eyes, and he went to the hospital for medical treatment. (*Id*.)

From a distance, plaintiff Lindsey began recording the altercation between defendants Kinsworthy and Rinck and plaintiff Taylor. (*Id*. at 8.) Defendant Kinsworthy instructed plaintiff Lindsey to "get back," and she complied. (*Id*.) After defendant Rinck assisted plaintiff Taylor in standing up, defendant Kinsworthy again instructed plaintiff Lindsey to back up, and he threw her against a parked car. (*Id*.) Plaintiff Lindsey suffered injury to her back and went to the hospital for medical treatment. (*Id*.)

Plaintiffs assert three claims against defendants. Count 1 alleges that Defendants Kinsworthy and Rinck used excessive force against plaintiffs, and Count 2 alleges that defendant Kinsworthy arrested plaintiff Lindsey without probable cause. (Doc. 1 at 9, 12.)

Count 3 alleges that defendant City is liable for defendants Kinsworthy's and Rinck's actions under a theory of respondeat superior. (*Id*. at 14.)

## DISCUSSION

**Motion for Fees and Costs**

Plaintiffs move for taxation of costs of service and attorney's fees against defendant City, pursuant to Fed. R. Civ. P. 4(d)(2). (Doc. 25 at 1.) Defendant City opposes the motion, arguing that it is not subject to waiver of service under Rule 4(d). (Doc. 29.)

The "duty to avoid unnecessary expenses of litigation" applies to an "individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)." Fed. R. Civ. P. 4(d)(1). Local governments are subject to service under Fed. R. Civ. P. 4(j)(2), which provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

By the plain language of Rule 4, municipalities are not subject to the requirements of Rule 4(d). Rather, the requirements of Rule 4(j)(2) control.

In support of their motion for imposition of costs and fees, plaintiffs submit two orders from this Court in which costs and fees were imposed against a municipality for failure to waive service. (Docs. 25-2, 30-1.) Both orders are distinguishable from the present case. Neither of the defendant-municipalities in the cases cited by plaintiffs identified Rule 4(j)(2) as the appropriate method of service for municipalities, rather than Rule 4(d)(1). In the first case, *Jeffery Just v. City of St. Louis, Missouri*, the defendant-municipality failed to file a response in opposition to the plaintiff's motion for costs and fees. No. 4:18-CV-424 NAB (E.D. Mo. July 7, 2018); (Doc. 25-2 at 1.) The defendant-municipality in the second case, *A.H. v. St. Louis County, Missouri*, raised other grounds

for denying the plaintiffs' motion but did not cite Rule 4(j)(2).  4:14-CV-2069 (CEJ) (E.D. Mo. Feb. 27, 2015); (Doc. 30-1 at 2.)  Here, defendant City has established that it is subject to service under Rule 4(j)(2), not Rule 4(d).

Lastly, plaintiffs argue that municipalities are treated as "persons" under 42 U.S.C. § 1983, so they should also be subject to the provisions of Rule 4(d).  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  (Doc. 30 at 2.)  The Supreme Court's holding that municipalities are considered persons in the § 1983 context does not support the conclusion that they should also be considered persons in the context of the Federal Rules of Civil Procedure.  For the purpose of service of process, a municipality is a municipality, and it is subject to service pursuant to Rule 4(j)(2).  The Court therefore denies plaintiffs' motion for taxation of costs and fees against defendant City.

**Motion to Dismiss**

Defendant City moves to dismiss Count 3, in which plaintiffs assert that defendant City is liable for the actions of defendants Kinsworthy and Rinck under the theory of respondeat superior.  (Doc. 20.)  Defendant City argues that it is well settled that there can be no respondeat superior liability under 42 U.S.C. § 1983, citing *Ness v. City of Bloomington*, 11 F.4th 914, 922 (8th Cir. 2021).  (Doc. 21 at 1.)  In response, plaintiffs state that they preserve for appeal their claim of § 1983 respondeat superior liability, but they do not otherwise argue against Defendant City's motion to dismiss.  (Doc. 24 at 1.)  Therefore, the Court dismisses Count 3.  The Court also dismisses defendant City of Breckenridge Hills, Missouri, as Count 3 was the only claim brought against it.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant City of Breckenridge Hills, Missouri's motion to dismiss **(Doc. 20) is sustained.**  Defendant City and Count 3 of plaintiffs' complaint are dismissed.

- 5 -

**IT IS FURTHER ORDERED** that plaintiffs' motion for taxation of costs of service and attorney's fees **(Doc. 25) is denied.**

　　　　　　　　　　　　　　　　　　　　　/s/   David D. Noce
　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on January 14, 2022.